**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIAM T. GRANT,

          Plaintiff,

- v -               Civ. No. 9:14-CV-1382
                     (MAD/DJS)

BRIAN FISCHER, *Commissioner; New York State Dep't of Corrections and Community Supervision*; D. VENETTOZI, *(Acting) Director; Special Housing, Inmate Disciplinary Program*; R. BOISSY, *Senior Correctional Counselor; Great Meadow Correctional Facility*; WINNEY, *f/k/a* Atkinson,

          Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

**ORDER**

*Pro se* Plaintiff William Grant brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his due process rights guaranteed by the Fourteenth Amendment. *See* Dkt. No. 23, Am. Compl. Specifically at issue is the Tier III Disciplinary Hearing Plaintiff received as a result of a Misbehavior Report he was issued in October 2011 while he was incarcerated at the Great Meadow Correctional Facility. *See generally id*. By the Misbehavior Report, Plaintiff was charged with violating various facility rules, including engaging in a third party phone call, conspiring with a person to introduce heroin into the facility, and soliciting others to smuggle items into the facility. Among Plaintiff's multiple claims is his assertion that Defendant Boissy, who was the presiding Hearing Officer at the Disciplinary Hearing, was biased, denied him a fair hearing (in various ways), and rendered a disposition that was not supported by the evidence.

Currently pending before the Court is Defendants' Motion for Summary Judgment, Dkt. No.

44, which Plaintiff opposes, Dkt. No. 48.[1] As part of their Motion, Defendants argue that, to the extent it can be found that Plaintiff was deprived of a liberty interest, he received all the process that was due to him. Amongst the supporting documentation attached to the Motion is the transcript of the Tier III Hearing and the disposition rendered by Defendant Boissy. Dkt. No. 44-5, Robert Boissy Decl., dated May 3, 2016, Exs. B & C. The Court was not provided, however, with the transcripts nor audio recordings of the telephone calls at issue in the Misbehavior Report. The telephone recordings were played during the Tier III Hearing and were specifically relied upon by Defendant Boissy in rendering the guilty dispositions. It appears that the other evidence relied upon by Defendant Boissy was provided to the Court, either by the Defendants or the Plaintiff, but the text and audio recordings of the telephone calls were not. In his opposition papers, Plaintiff provides the Court with what appears to be a transcript of one of the telephone calls, but it is not clear on which date that call was made and whether it is a complete transcript.

In light of the facts that the telephone calls formed the basis for the Misbehavior Report, were played during the Hearing, and were relied upon in rendering a guilty disposition, the Court directs the Defendants, on or before **February 10, 2017**, to provide the Court with hard copies of the certified transcripts of the two telephone calls at issue as well as the audio recordings of the two calls played during the Hearing. Although it appears that Plaintiff has already had an opportunity to hear and view these items, copies of the same shall be sent to Plaintiff's current facility and be made available to him for viewing and listening. A certificate of such service shall be filed on the Court's Docket.

The parties shall note that the briefing associated with Defendants' Motion for Summary

---

[1] The parties also provided the Court with a Reply and Sur-Reply. Dkt. Nos. 53 & 57.

Judgment is closed. The factual and legal issues associated with such Motion have been adequately briefed by the parties and the Court's Order for production of further evidence is <u>not</u> an invitation for further briefing.

**WHEREFORE**, it is hereby

**ORDERED**, that on or before **February 10, 2017**, Defendants shall provide the Court with hard copies of the transcripts and audio recordings of the telephone calls at issue in the October 2011 Misbehavior Report. Permission is granted for such items to be traditionally filed with the Clerk of the Court in Albany, New York; and it is further

**ORDERED**, that a copy of the transcripts and recordings provided to the Court shall also be provided to the facility where Plaintiff is currently housed and be made available for his inspection. A certificate of such service shall be electronically filed on the Court's Docket; and it is further

**ORDERED**, that the briefing associated with Defendants' Motion for Summary Judgment is closed; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules

**IT IS SO ORDERED**.

Date: February 3, 2017
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge