**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM T. GRANT,**

                           **Plaintiff,**

  vs.                                            9:14-CV-1382
                                                          (MAD/DJS)

**BRIAN FISCHER,** *Commissioner, New York State Department of Corrections and Community Supervision*; **D. VENETTOZI,** *Acting Director, Special Housing, Inmate Disciplinary Program*; **R. BOISSY,** *Senior Correctional Counselor, Great Meadow Correctional Facility*; **and WINNEY,** *formerly known as Atkinson,*

                           **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**WILLIAM T. GRANT
95-A-3324**
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **ORIANA L. CARRAVETTA, AAG**
**STATE ATTORNEY GENERAL**
Litigation Bureau
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at

Great Meadow Correctional Facility ("Great Meadow C.F."). *See* Dkt. No. 23. Specifically, Plaintiff challenges the due process he was afforded in connection with a disciplinary hearing he received as a result of being issued a misbehavior report. *See id.*

On May 6, 2016, Defendants moved for summary judgment. *See* Dkt. No. 44. In their motion, Defendants contend that Plaintiff was not deprived of a liberty interest as a result of the October 17, 2011 disciplinary hearing and, even if he was, his claim still fails because he was afforded all process due to him. *See* Dkt. No. 44-2 at 7-20. On March 10, 2017, Magistrate Judge Stewart issued a Report-Recommendation and Order in which he recommended that the Court grant Defendants' motion and dismiss this case. *See* Dkt. No. 62. Specifically, Magistrate Judge Stewart found that, although questions of fact exist as to whether Plaintiff was deprived of a liberty interest, summary judgment is nevertheless appropriate because Plaintiff was afforded all process due to him. *See id.* at 9-16.

Currently before the Court are Defendants' motion for summary judgment and Magistrate Judge Stewart's Report-Recommendation and Order.

## II. BACKGROUND

Since neither party objected to Magistrate Judge Stewart's recitation of the relevant background facts, and because it is consistent with the record, the Court adopts the factual background set forth in Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 62 at 4-7.

## III. DISCUSSION

**A.     Standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue

2

warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does

not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d

4

15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.    Due Process**

In his amended complaint, Plaintiff challenges the adequacy of the assistance he received from Defendant Winney prior to the disciplinary hearing and that Defendant Boissy, the hearing officer, was biased. Moreover, Plaintiff asserts claims against Defendants Fischer and Venettozi for their roles in denying his appeal from the disciplinary hearing. Magistrate Judge Stewart recommended that the Court grant Defendants' motion as to all claims. The Court will address each in turn.

*1. Employee Assistant*

"Although inmates are not entitled to retained or appointed counsel in prison disciplinary hearings, '[p]rison authorities have a constitutional obligation to provide assistance to an inmate in marshaling evidence and presenting a defense when he is faced with disciplinary charges.'" *Moore v. Peters*, 92 F. Supp. 3d 109, 125-26 (W.D.N.Y. 2015) (quoting *Eng v. Coughlin*, 858 F.2d 889, 897 (2d Cir. 1988)). "New York's regulations entitle a prisoner to an employee assistant to help him prepare for a disciplinary hearing." *Id.* (citing 7 N.Y.C.R.R. §§ 251-4.1, 251-4.2). "The assistant 'need only perform what the plaintiff would have done but need not go beyond the inmate's instructions.'" *Id.* (quotation and other citation omitted).

As noted by Magistrate Judge Stewart, Plaintiff's claim focuses on Defendant Winney's failure to provide Plaintiff with all of the items he requested and her failure to explain the charges to him. *See* Dkt. No. 23 at ¶¶ 18-19. As to Plaintiff's allegation that Defendant Winney failed to

5

explain the charges to him, the law is clear that an inmate assistant is not required to act as the inmate's advocate or counsel. *See Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993). Therefore, Defendant Winney was not required to explain the charges to Plaintiff.

As to the claim that Defendant Winney failed to provide Plaintiff with all items he requested, Magistrate Judge Stewart correctly determined that Defendant Winney fulfilled her obligations. When Plaintiff met with Defendant Winney prior to the hearing, he provided her with an itemized list of ten requests. *See* Dkt. No. 44-4 at 10. Defendant Winney provided Plaintiff with five of the requested items and, with respect to the remaining items, informed Plaintiff that they were either not available, not alleged, or did not exist. *See id.* For example, as to Plaintiff's request for tapes and transcripts of each telephone call in question, Defendant Winney informed Plaintiff that the tape will be available for Plaintiff to review at the hearing. *See id.* Further, Defendant Winney explained that she did not provide Plaintiff with attendance sheets form his assigned programs on October 5 and 6, 2011 because he was keeplocked on those dates. *See id.*

As the record makes clear, Defendant Winney provided Plaintiff with meaningful assistance ahead of his disciplinary hearing. The undisputed facts clearly demonstrate that Defendant Winney did not violate Plaintiff's due process rights. Accordingly, the Court grants Defendants' motion for summary judgment as to this claim.

### *2. Impartial Hearing Officer*

In amended complaint, Plaintiff contends that Defendant Boissy violated his due process rights by failing to rule on his objections, in failing to explain the charges to him, in denying him the right to call or recall a witness, and in rendering a guilty disposition based on insufficient evidence. *See* Dkt. No. 23 at ¶¶ 27-28, 33, 38(2), 38(4) & 38(5). In his Report-Recommendation

and Order, Magistrate Judge Stewart found that Plaintiff's claim against Defendant Boissy is without merit and recommended granting Defendants' motion for summary judgment. *See* Dkt. No. 62 at 15-17.

"An inmate subject to a disciplinary hearing is entitled to an impartial hearing officer." *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996) (citing cases). Nevertheless, "[i]t is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts," and "[t]he degree of impartiality required of prison officials does not rise to the level of that required of judges generally." *Id.* (citing cases). In addition to the greater flexibility accorded prison disciplinary hearing officers, the due process impartiality standard is satisfied if "some evidence" in the record supports the decision of the prison disciplinary proceeding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

As Magistrate Judge Stewart correctly determined, Plaintiff's claim against Defendant Boissy is without merit. Defendant Boissy noted each of Plaintiff's objections for the record and ruled on them as they arose. *See* Dkt. No. 44-5 at 13-14. The hearing transcript makes clear that Defendant Boissy heard Plaintiff's testimony and accepted evidence on his behalf. *See id.* at 14-16. Moreover, when Plaintiff did not seek to call any witnesses, Defendant Boissy called the author of the misbehavior report, Inspector Klose, who testified by telephone to the veracity of the report. *See id.* at 16-18. Moreover, Inspector Klose clarified that the date in question in his report, September 10, 2011, was a facility family visiting weekend, which explained why Plaintiff did not have any visitors listed on a visitor log. *See id.* When Plaintiff declined the opportunity to ask Inspector Klose any questions, Defendant Boissy directed that the audio recording of the telephone call be played. *See id.* at 17-19. After listening to the recording, Defendant Boissy

7

offered Plaintiff the opportunity to present more evidence and endeavored to explain to Plaintiff in further detail the charges against him. *See id.* at 19-21.

At no time before or after listening to the recording did Plaintiff seek an adjournment so that he could gather further evidence. It is clear from the record, including the hearing transcript, that Defendant Boissy maintained his impartiality by accepting Plaintiff's evidence and testimony, noting his objections, and soliciting further evidence regarding the alleged misbehavior. Plaintiff's conclusory allegations regarding Defendant Boissy are entirely belied by the record. In his written disposition, Defendant Boissy listed the seven different items upon which he relied. This evidence, which included documents provided by Plaintiff, unquestionably satisfied the "some evidence" standard.

Based on the foregoing, the Court grants Defendants' motion for summary judgment as to Defendant Boissy.

### *3. Defendants Fischer and Venettozi*

Plaintiff asserts claims against Defendants Fischer and Venettozi for their roles in denying his appeal from the disciplinary hearing. As Magistrate Judge Stewart correctly determined, since the Court has found that no due process violation has occurred, there is no basis upon which to find that Defendants Fischer and Venettozi for their respective roles in denying Plaintiff's appeal of the disciplinary decision. Accordingly, the Court grants Defendants' motion for summary judgment as to Defendants Fischer and Venettozi.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, Magistrate Judge Stewart's Report-Recommendation and Order and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 62) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 44) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 29, 2017
 Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge